## GABRIEL & SCHALL v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 23, 1903.)

### No. 87.

1. CUSTOMS DUTIES—CLASSIFICATION OF MERCHANDISE—FINDING OF BOARD OF APPRAISERS—CONFLICTING EVIDENCE—REVIEW.

Where, on appeal from a classification for duty, the testimony as to commercial designation of the article was not only conflicting, but so closely balanced as to render it difficult to say on which side the weight of evidence lay, the finding of the board of appraisers on such issue would not be disturbed.

2. SAME—LITHOFONE.

Where it was proved that lithofone, composed of 70 per cent. sulphate of barytes and 30 per cent. sulphide of zinc, was known as "lithofone," whether dry or ground in oil, and by commercial designation was known as "sulphide of zinc white," it was classifiable for duty as such under Tariff Act July 24, 1897, par. 57, c. 11, 30 Stat. 154 [U. S. Comp. St. 1901, p. 1630], and not as a white paint or pigment containing zinc, but not containing lead.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 114 Fed. 401.

This cause comes here upon an appeal from a decision (G. A. 4707) of the Circuit Court, Southern District of New York, affirming a decision of the board of general appraisers, which sustained a ruling of the collector of the port of New York touching the classification for duty of certain imported merchandise.

W. W. Smith, for appellant.

D. Frank Lloyd, for the United States.

Before LACOMBE and TOWNSEND, Circuit Judges.

PER CURIAM. The importation was under the tariff act of July 24, 1897, c. 11, 30 Stat. 154 [U. S. Comp. St. 1901, p. 1630]. The relevant paragraph is:

"(57) Zinc, oxide of, and white paint or pigment containing zinc and not containing lead, dry, one cent per pound; ground in oil, one and three-fourth cents per pound; sulfid of zinc white, or white sulphide of zinc, one and one-fourth cents per pound; chloride of zinc and sulphate of zinc, one cent per pound."

The specific name of the merchandise is "lithofone." It is, when dry, a white pigment, and, when ground in oil, a white paint, "containing zinc and not containing lead," and its sole use is as a paint or pigment. It is composed of about 70 per cent. of sulphate of barytes and 30 per cent. of sulphide of zinc. The latter, therefore, cannot be considered as the main ingredient, nor as the component of chief value. It was contended, however, and such contention was found persuasive by the board of general appraisers and by the cir-

¶ 1. See Customs Duties, vol. 15, Cent. Dig. § 205.

cuit court, that the phrase "sulphide of zinc white," as known in trade and commerce, included this and similar compounds, whose more specific designations are "Beckton white," "Orris white," "Charlton white," etc. A careful examination of the record leads us to the conclusion that the testimony as to commercial designation is not only conflicting, but also so closely balanced as to make it difficult to say on which side lies the weight of evidence. Under these circumstances, the finding of the board of appraisers, which had very many of the witnesses before it, will not be disturbed.

It is contended by the importers that, in view of the fact that pure sulphide of zinc is never used as a paint or pigment, while the merchandise imported is only so used, should control the classification of the latter. There is some force to the argument adduced from the other sections of the same schedule, that Congress, whenever it refers to paints or pigments, recognized a distinction between the dry pigment and the same ground in oil, and thus made into a paint. Blues, such as Prussian, etc., boneblack, ivory black, chrome yellow, chrome green, ocher, sienna, vermilion, red, and other colors in this schedule, are referred to as "dry" or "ground in oil or water," and in some instances are subject to a higher rate of duty in the latter condition. See paragraphs 45, 47, 48, 49, 54, 55, 56, 58, Act July 24, 1897, c. 11, 30 Stat. 153, 154 [U. S. Comp. St. 1901, pp. 1629, 1630].

The evidence shows that lithofone is lithofone whether dry or ground in oil, and if, by commercial designation, it comes within the clause "sulphide of zinc white," it will pay the same duty, in whichever condition it may come, whereas if it were classified as "a white paint or pigment containing zinc, but not containing lead," it would pay a higher rate when ground in oil. But the argument is inconclusive, since there are some paints—white lead, for instance (paragraph 55)—upon which Congress has imposed the same rate for both conditions.

The decision of the Circuit Court is affirmed.